888

ment, and is in nowise affected by the rules and regulations provided for the government of local lodges. Since the insured failed to pay the endowment tax in accordance with the rules of.the order, the appellee had no right to recover on the endowment certificate."

But it is argued that the district grand master approved the rules and regulations of the local lodge, and this had the effect of constituting an adoption of same by the endowment department of the Grand United Order. We do not think so. The constitution and by-laws of the endowment department expressly provided that "no subordinate body or local lodge or local household, nor any of the subordinate officers or members shall have the power or authority to waive any provision of the laws and Constitution and by-laws of this corporation." Besides, under the statute governing such societies, and especially under article 4835 of the Revised Statutes, we think an attempted substitution of the promise of the local lodge contained in its rules and regulations for the obligations of the individual member would have been in violation of the constitution and by-laws of the society, and against public policy.

In our opinion, there is such a conflict between the decision of the Court of Civil Appeals in this case and the decision of the Court of Civil Appeals in the Snell Case, supra, as gives the Supreme Court jurisdiction.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and judgment is here rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court.

Fred Harris, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for murder, punishment assessed at twenty years in the penitentiary.

No statement of facts is brought forward, and no error is made to appear which would call for a reversal.

The judgment is affirmed.

## GREENWOOD v. STATE.

No. 19029.

Court of Criminal Appeals of Texas.

May 26, 1937.

## REED v. STATE.

No. 19030.

Court of Criminal Appeals of Texas.

May 19, 1937.